UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 21, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Gary N. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-2382-CDA

Dear Counsel:

On August 31, 2023, Plaintiff Gary N. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 15, and 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on September 11, 2018 and January 25, 2019, respectively, alleging a disability onset of September 6, 2018. Tr. 216-22, 223-31. Plaintiff's claims were denied initially and on reconsideration. Tr. 141-48, 157-60. On April 22, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 32-70. Following the hearing, on May 18, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 9-31. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constituted the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

Plaintiff appealed to this Court, and, on October 27, 2021, the Court remanded Plaintiff's case back to the Commissioner. Tr. 859. On February 4, 2022, the Appeals Council remanded

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on August 31, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

Plaintiff's case back to the same ALJ in accordance with the Court's order. Tr. 910-15. The ALJ held a hearing on February 1, 2023. Tr. 728-54. On June 29, 2023, the ALJ rendered their decision denying Plaintiff's claims for DIB and SSI. Tr. 701-27. Once again, Plaintiff appeals the ALJ's denial of benefits.

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 6, 2018, the alleged onset date[.]" Tr. 707. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the spine, obesity, neurocognitive disorder, depression, anxiety, and neurodevelopmental disorder[.]" Tr. 707. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "hypertension, hepatic liver disease, and diabetes." Tr. 707. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 707-08. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: occasionally climb stairs; should never climb ladders; occasionally balance, kneel, crouch, and crawl; should avoid concentrated exposure to hazards, extreme heat and cold; is able to perform simple routine and repetitive tasks; is able to interact with supervisors, co-workers and the public on an occasional basis.

Tr. 710. The ALJ determined that Plaintiff was unable to perform past relevant work as a Customer Complaint Clerk (DOT[3] #241.367-014), "Salesperson/parts" (DOT #279.357-062), Laborer Stores

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*,

(DOT #922.687-058), and Sales Clerk (DOT #290.477-014); but could perform other jobs that existed in significant numbers in the national economy. Tr. 714-16. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 716-17.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff argues the ALJ failed to employ correct legal standards when assessing the RFC, producing an unsupported disability determination. ECF 11, at 7. Plaintiff avers that the ALJ (1) failed to complete a function-by-function analysis, (2) failed to properly accommodate Plaintiff's moderate concentration, persistence, and pace ("CPP") limitation, and (3) materially mischaracterized the record by "cherry-picking" medical evidence. ECF 11, at 9, 11, 13. Defendant counters that that ALJ reached their conclusions using proper legal standards and review of the entire record, thus their decision is supported by substantial evidence. ECF 15, at 5. Defendant contends that the ALJ properly (1) assessed Plaintiff's functional limitations, (2) accounted for Plaintiff's moderate limitation in CPP, and (3) relied on the entire record in reaching their conclusions. ECF 15, at 6, 9, 15.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing the RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20

---

810 F.3d 204, 211 n.1 (4th Cir. 2015).

C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these four areas—CPP—concerns "the abilities to focus attention on activities and stay on task age appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.* § 12.00(F)(2)(c). "[O]nce an ALJ has [found] that a claimant suffers from moderate difficulties in [CPP], the ALJ must either include a corresponding limitation in [their] RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec. Admin*, No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015) (citing *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015)), *report and recommendation adopted*, (D. Md. June 5, 2015).

The Court agrees with Plaintiff that an RFC restriction to "simple, routine, and repetitive tasks" is inadequate. ECF 11, at 11-12. The ALJ in this case determined that Plaintiff had a moderate CPP limitation, and subsequently limiting Plaintiff to "simple, routine, repetitive tasks" in the RFC. Tr. 709-10. *Mascio* unambiguously holds that "an ALJ does not account for a claimant's limitations in [CPP] by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (quoting *Winschel v. Comm'r*, Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)); *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (holding that an RFC limiting a claimant to "simple, routine, and repetitive tasks" did not adequately account for the ability to sustain work throughout an eight-hour day where the claimant had moderate CPP limitations). "In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task," stating that "[o]nly the latter limitation would account for a claimant's limitation in [CPP]." *Talmo v. Comm'r, Soc. Sec. Admin.*, No. ELH-14-2214, 2015 WL 2395108, at *2 (D. Md. May 19, 2015), *report and recommendation adopted*, (June 5, 2015) (citing *Mascio*, 780 F.3d at 638). Here, the ALJ contravened *Mascio* when they presented the hypothetical question that the "individual is able to perform simple, routine tasks." Tr. 747.

Moreover, the ALJ did not "sufficiently explain[] why the mental limitation to simple, routine, and repetitive tasks account[s] for" Plaintiff's moderate CPP limitations. *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). The ALJ's finding that Plaintiff has a moderate CPP limitation triggered a duty to either address CPP in the RFC assessment or explain why doing so is unnecessary. *Mascio*, 780 F.3d at 638. Reviewing the ALJ's decision, the Court finds it devoid of any other mention of Plaintiff's moderate CPP limitation. *See* Tr. 710-14. As a result, the Court cannot determine, by reviewing the decision, the ALJ's basis for concluding that Plaintiff's moderate CPP limitation can be accommodated by a restriction to simple tasks. As in *Mascio*, the ALJ could have explained why Plaintiff's "moderate limitation in [CPP] at step three does not translate into a limitation in [Plaintiff's] [RFC]." *Mascio* at 638. Because the ALJ offered no explanation, remand is in order. *Id.* Accordingly, this Court finds that this provision does not adequately accommodate Plaintiff's CPP limitation.

As a final matter, the Court notes that the ALJ did not rectify their error when they assigned persuasive value to the state agency psychological consultant opinions. Tr. 714; *cf. Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (affirming an ALJ's decision "that provided

substantial support" when: (1) the ALJ adopted, without explanation, certain RFC limitations suggested in a medical opinion that provided "detailed findings" on a claimant's "sustained concentration and persistence limitations" and (2) the ALJ assigned persuasive value to the opinion). The first four exhibits the ALJ cited (exhibits 3A, 4A, 7A, and 8A) did no more than list that Plaintiff had a moderate CPP limitation and limited him "simple, routine tasks on a regular basis." Tr. 85, 99, 119, 137. The Court cannot construe these findings as "detailed." As for exhibits 16A and 17A, "[i]f the RFC assessment conflicts with an opinion from a medical source," the ALJ must "explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7. In exhibits 16A and 17A, Dr. Suansilppongse, the state agency psychologist, concluded Plaintiff had a moderate CPP limitation and stated that Plaintiff was "able to carry out simple instructions." Tr. 877. However, Dr. Suansilppongse noted that Plaintiff's "infrequent distraction, anxiety[,] and depressive reaction as well as alleged pain/headaches would occasionally interfere with is ability for sustained concentration, persistence or for task completion." Tr. 877. It is unclear how the ALJ found that Plaintiff could perform work at a consistent pace throughout the workday despite Dr. Suansilppongse's limitations. The ALJ's failure to resolve this conflict, compounded by the lack of explanation discussed above, impedes meaningful review and warrants remand for further analysis. *Mascio*, 780 F.3d at 636-38.

On remand, the ALJ must either: (1) explain how the RFC assessment addresses Plaintiff's moderate CPP limitations or (2) explain why no RFC provision is necessary to address those limitations. Because the case is being remanded on these grounds, the Court need not address Plaintiff's other argument. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge